UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRAIN CORNEJO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SERGEANT V. MINGLANA, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-05383-JSW<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; STAYING AND REFERRING CASE TO PRISONER MEDIATION PROGRAM** |

**INTRODUCTION**

Plaintiff Ernest Cornejo, a California prisoner proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983 against officials at the Salinas Valley State Prison ("SVSP"), where Plaintiff was formerly housed. He is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, certain claims are dismissed, and the complaint is ordered served on other Defendants based on the claims that are, when liberally construed, cognizable. The case is referred to the Court's Prisoner Mediation Program and STAYED for the duration of the mediation proceedings except as provided below.

**ANALYSIS**

A.  **STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

1     Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
2  claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the
3  statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon
4  which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although
5  in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's
6  obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and
7  conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .
8  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell
9  Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint
10 must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

11     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1)
12 that a right secured by the Constitution or laws of the United States was violated, and (2) that the
13 alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*,
14 487 U.S. 42, 48 (1988).

15 **B.    LEGAL CLAIMS**

16     Plaintiff names 15 defendants at SVSP.  He alleges excessive force and other violations of
17 the Eighth Amendment that took place on May 24, 2019, when he was moved back to SVSP and
18 retaliated against with harassment and an excessively forceful cage extraction after having
19 previously sued several SVSP officials in 2014 and obtained a settlement.  These allegations state
20 a plausible Eighth Amendment claim and a plausible First Amendment retaliation claim.

21     The claims against two Defendants should be dismissed, however.  Plaintiff names Psych
22 Tech S. Quinto but the only allegations he makes about her are that she completed a medical
23 report of injury form (CDCR 7219) before the forceful cage extraction, and documented that
24 Plaintiff was not suicidal and had safety concerns.  (ECF 1 at 8.)  She did not "mention . . . my
25 telling her that staff wanted to characterize me as being suicidal to cover up their plan to harm
26 me."  (*Id.*)  This is not enough for an Eighth Amendment claim against her to proceed.  In
27 addition, Plaintiff notes that he does not seek damages from her.  (ECF 1 at 16.)  Plaintiff also
28 does not appear to make any allegations whatsoever against Defendant Wade.  Consequently,

Plaintiff has not stated a cognizable claim for relief against Defendants Quinto or Wade.

Plaintiff also alleges a conspiracy against his civil rights under 18 U.S.C. § 241 and deprivation of rights under color of law under 18 U.S.C. § 242, neither of which have a private right of action. These claims are also not cognizable.

Plaintiff alleges that there was a delay in medical care after he sustained injuries, including a head injury, in the excessive force incident. The incident occurred at approximately 9:45 PM. He was also experiencing suicidal ideation. Defendant Minglana told him he would have to wait for medical care until 6:00 a.m.. Although Plaintiff was in fact seen by a nurse at 11:25 p.m., and transferred to the infirmary five minutes later. Given the possible severity of Plaintiff's alleged injuries, the approximate hour and a half delay could state a plausible claim for relief under the Eighth Amendment..

## CONCLUSION

For the reasons set out above,

1. The claims against Defendants Quinto and Wade, and the conspiracy claims as described above, are DISMISSED for failure to state a cognizable claim for relief.

2. Defendants Sergeant V. Minglana, Correctional Officer T. Clayton, Correctional Officer C.H. Santos, Correctional Officer A. Gallardo, Correctional Officer R.S. Garcia, Correctional Officer A.S. Vasquez, Correctional Officer C. Reyes, Correctional Officer J. Camacho, Correctional Officer E. Aguirre, Correctional Officer C. L. Lonero, Captain Hughes, Lieutenant Mazariegos, and Lieutenant H. Lomeli shall be served at the Salinas Valley State Prison.

Service shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the Amended Complaint, this Order, a CDCR Report of E-Service Waiver form, and a summons. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s)

listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons, and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. The Defendants **shall** file an answer in accordance with the Federal Rules of Civil Procedure.

4. In order to expedite the resolution of this case, and good cause appearing, this case is REFERRED to Magistrate Judge Illman pursuant to the Pro Se Prisoner Mediation Program. The mediation proceedings shall take place within 120 days of the date Defendants have been served. Magistrate Judge Illman shall coordinate a time and date for a mediation proceeding with all interested parties or their representatives and, within five days after the conclusion of the mediation proceedings, file a report. All mediation proceedings shall be confidential, and no statement made therein will be admissible in any proceedings in this case, unless the parties otherwise agree. No part of the mediation proceeding shall be reported, or otherwise recorded, without the consent of the parties, except for any memorialization of a settlement.

5. All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or their counsel.

6. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

Federal Rule of Civil Procedure 41(b).

7. All proceedings, with the exception of service and the filing of an answer, as ordered above, are STAYED until further order of the court.

The Clerk shall send a copy of this order to Magistrate Judge Illman.

**IT IS SO ORDERED.**

Dated: March 11, 2024

_____
JEFFREY S. WHITE
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.