UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRAIN CORNEJO,<br><br>        Plaintiff,<br><br>   v.<br><br>SERGEANT V. MINGLANA, et al.,<br><br>        Defendants. | Case No. 23-cv-05383-JSW<br><br>**GRANTING MOTION TO DISMISS; SCHEDULING SUMMARY JUDGMENT BRIEFING**<br><br>Re: Dkt. No. 20 |

**INTRODUCTION**

Plaintiff Ernest Cornejo, a California prisoner proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983 against officials at the Salinas Valley State Prison ("SVSP"), where Plaintiff was formerly housed. Defendants filed a motion to dismiss Plaintiff's Fourteenth Amendment claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. Plaintiff filed an opposition, and Defendants filed a reply. For the reasons discussed below, the motion to dismiss is GRANTED, and all claims except for the claim that Defendant used excessive force in violation of the Eighth Amendment are DISMISSED with prejudice. A briefing for summary judgment motions on the remaining claim is ordered below.

**BACKGROUND**

Plaintiff alleges on May 24, 2019, Defendant Hughes tried to convince him to move to a part of SVSP where staff would threaten his safety due to a prior lawsuit. He suffered from depression and suicidality. He claims Defendants Hughes, Minglana, Mazariegos and Lomeli participated in these actions, in retaliation for Plaintiff's prior lawsuit. He alleges the same day a Defendants Camacho, Lomeli, Minglana, Clayton, Santos, Gallardo, Garcia, Vasquez, Reyes, Aguirre, and Lonero were involved in his extraction from his cell. Defendants brought him to the

floor face down, handcuffed him, carried him face down, and Clayton kicked his upper torso and kicked his head into the gym door. He alleges Defendant Minglana told him he would have to wait until the next morning for emergency medical care for injuries to his wrist, hand, neck, and forehead, but that night he was seen by medical personnel, transported to the infirmary, and placed on suicide watch.

The Court takes judicial notice under Federal Rule of Evidence 201(a) of the records of a previous civil rights case filed by Plaintiff in this district, *Cornejo v. Lawson et al.*, N.D. Cal. No. 4:20-cv06489 (JST) ("*Cornejo I*"). In *Cornejo I* Plaintiff brought substantially the same claims he brings here. Except for the excessive force claim against one Defendant (Lawson), all of the claims were dismissed at the screening stage for failure to state a cognizable claim for relief. Lawson was later granted summary judgment. In the summary judgment order, the Court stated all of the claims were dismissed with prejudice, but that upon determining the identity of the officer who kicked him (who Plaintiff had named Doe No. 1), Plaintiff could file a new case against him. In the instant lawsuit, Plaintiff identifies this officer as Defendant T. Clayton.

**DISCUSSION**

I.   Standard of Review

Failure to state a claim is grounds for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal for failure to state a claim is a ruling on a question of law. *Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .

2

Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007) (citations omitted). A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

Review is limited to the contents of the complaint, *see Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested, *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). In addition, the court may take judicial notice of facts that are not subject to reasonable dispute. *Id.* at 689 (discussing Fed. R. Evid. 201(b)).

Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.* A pleading filed by a party unrepresented by counsel must be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations and citations omitted).

III. Analysis

Defendants argue that all of Plaintiff's claims except the Eighth Amendment claim against Defendant T. Clayton for the use of excessive force are barred by the doctrine of res judicata. Plaintiff does not dispute or address this argument in his opposition to the motion to dismiss. The argument has merit.

The doctrine of res judicata, or claim preclusion, bars a party in successive litigation from pursuing claims that were raised or could have raised in a prior action. *Save Bull Trout v. Williams*, 51 F.4th 1101, 1107 (9th Cir. 2022). Res judicata applies when there is: "(1) an identity of claims; (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (citations

3

omitted).

The claims in the instant case satisfy the first element. Four criteria are used to determine whether successive lawsuits involve the same claim under the first element of the res judicata analysis: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *C.D. Anderson & Co., Inc. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987). The last of these criteria is "the most important." *Id.*; *see also Tahoe-Sierra Pres. Council, Inc.*, 322 F.3d 1078 (first element requires two suits arise from "the same transactional nucleus of facts"). In *Cornejo I*, Plaintiff's claims arise from the same alleged facts that he was subject to excessive force during the cell extraction on March 24, 2019, that Mingala denied his request for immediate medical care following the use of force, and that Defendants took the same retaliatory actions against him on that date for his prior lawsuit.

There are a small number of different allegations: here, he alleges he was a mental health patient, does not allege he requested the extraction, and alleges he was taken to the infirmary after Mingala refused his care. The assertion of new allegations does not automatically preclude a finding of a shared identity of claims, however. *See International Union of Operating Engineers v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993). These additional allegations and do not allege a different "nucleus of facts" insofar as both cases allege the same excessive force incident, the same retaliatory actions by Defendant different retaliatory actions, and the same denial of medical care. Under the other criteria, Defendants' interests in being absolved of liability on or the obligation to defend against Plaintiff's claims would be destroyed if the same claims here could proceed, the claims would involve substantially the same evidence as they involve almost entirely the same facts, and the two lawsuits claim violation of the same constitutional rights. Plaintiff's claims arise from the same nucleus of facts as his claims in *Cornejo I* and the other criteria point to there being an "identity of claims" in the two cases for purposes of the first element of the res judicata analysis.

4

1    With respect to the second element of the res judicata analysis, there was a final judgment
2    on the merits in *Cornejo I*. A dismissal with prejudice constitutes a final judgment on the merits
3    for purposes of res judicata. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002); *see*
4    *also Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (dismissal under Rule
5    12(b)(6) for failure to state a claim upon which relief may be granted is a judgment on the merits);
6    *Sekona v. Horowitz*, No. 2:17-CV2479-JAM-DMC-P, 2020 WL 5203445, at *4 (E.D. Cal. Sept. 1,
7    2020) (dismissal for failure to state a claim upon which relief may be granted under 28 U.S.C. §
8    1915A is a judgment on the merits). In *Cornejo I*, Plaintiff's claims were dismissed with
9    prejudice for failure to state a claim upon which relief may be granted or at summary judgment.
10   Consequently, there was a final judgment on the merits and the second element of the res judicata
11   analysis is satisfied.
12   For the third element, the court considers whether the party is either the same or "so
13   identified in interest with a party to former litigation that [it] represents precisely the same right"
14   being adjudicated. *Headwaters Inc.*, 399 F.3d at 1053 (quotation omitted). "Even when the
15   parties are not identical, privity may exist if there is substantial identity between parties, that is,
16   when there is sufficient commonality of interest." *Tahoe-Sierra Pres.Council, Inc.,* 322 F.3d at
17   1081 (internal citations omitted). Privity exists between officers of the same government so that a
18   judgment in a suit between a party and a representative of the government is res judicata in
19   relitigation of the same issue between that party and another officer of the government. *See*
20   *Church of New Song v. Establishment of Religion on Taxpayers' Money*, 620 F.2d 648, 654 (7th
21   Cir. 1980) (prison employees at federal prison in Texas in privity with prison employees at federal
22   prison in Illinois as both suits against employees of Federal Bureau of Prisons); *see also Stearns v.*
23   *Flores*, No. C 03-0562 JF (PR), 2007 WL 1119213, at *3 (N.D. Cal. Apr. 16, 2007) (holding that
24   prison officials from Pelican Bay State Prison are in privity with prison official parties in a prior
25   action given their representation as officers of the same government and reasonable expectation to
26   be bound by the prior adjudication). The only new defendants added in the instant case are
27   Mazariegos on the retaliation claim, and Clayton, Santos, Gallardo, Garcia, and Vasquez on the
28   excessive force claim. In *Cornejo I*, Plaintiff alleged Mazariegos's participation in the same

5

alleged retaliatory conduct as the other defendants, and Defendants Santos, Gallardo, Garcia, and Vasquez are among the "about a dozen or so correctional officers" (many unnamed) who Plaintiff alleged were involved in the cell extraction. There is "substantial identity" and "sufficient commonality of interest" between these additional named participants and the named defendants in *Cornejo I*.[1]

The Court finds merit in Defendants' argument, which Plaintiff does not dispute or address, that res judicata bars all of Plaintiff's claims except his claim that Defendant Clayton used excessive force against him because Plaintiff brought these claims previously, and they were dismissed with prejudice. Accordingly, the Court need not reach Defendants' alternative argument for dismissal of these claims. As the claims are barred by the res judicata doctrine, amendment of these claims would be futile. As a result, they will be dismissed without leave to amend. Nothing in the above analysis alters the conclusion that the complaint states a cognizable claim for relief against Defendant Clayton for violating Plaintiff's Eighth Amendment rights by using excessive force against him.

**CONCLUSION**

For the reasons described above,

1. The motion to dismiss is GRANTED. Except for the claim that Defendant Clayton used excessive force against Plaintiff in violation of the Eighth Amendment, all of the claims are DISMISSED with prejudice and without leave to amend.

2. The Defendant **shall** file an answer in accordance with the Federal Rules of Civil Procedure.

3. In order to expedite the resolution of this case:

a. No later than **June 2, 2025,** Defendant Clayton shall file a motion for summary judgment. If defendant is of the opinion that this case cannot be resolved by summary judgment,

---

[1] The same cannot be said for Defendant Clayton. As noted above, Plaintiff does not seek to dismiss the excessive force claim against Defendant Clayton on res judicata grounds. Nor would such an argument be successful because Clayton is the former "John Doe 1," and the Court in *Cornejo I* specifically indicated its decision did not preclude Plaintiff from brining his excessive force claim against this Defendant in a new lawsuit once he learned this Defendant's name.

he shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

      b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendant no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

      c. Defendant **shall** file a reply brief no later than **14 days** after the date of service of the opposition.

      d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

      e. Along with his motion, defendant shall file proof that they served plaintiff the *Rand* warning at the same time they served him with their motion. Failure to do so will result in the summary dismissal of their motion.

4. The Court notes Plaintiff filed a request for production of documents. Discovery requests such as this one may not be filed with the Court. Instead, Plaintiff must serve Defendant or Defendant's lawyer with this and any other discovery request.

This order resolves docket number 20.

**IT IS SO ORDERED.**

Dated: March 20, 2025

_____
JEFFREY S. WHITE
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.